STATE OF LA. vs. WINTHROP, CLERK OF E. B. R.

APPEAL from the court of the fourth district.

The assistance of the attorney general is not necessary in a prosecution carried on against a clerk for malfeasance in office.

PORTER, J. delivered the opinion of the court.* The party accused refuses to traverse the accusation preferred against him in this court, because it does not appear it is carried on at the instance of the attorney general, and in support of the objection it is urged that the prosecution is a criminal one, and that the officer just named, is the only person author- ised by law to conduct it, 1 *Martin's Digest,* 536.   Admitting that the case now before us, is properly and strictly speaking a criminal prosecution, we are of opinion it is not of necessity, it should be carried on by the first law officer of the state ; that the legisla-

*This opinion and that which follows in the same case, were de-livered in February and March, and omitted in their proper places.

East'n District.
*May*, 1824.

STATE OF LOU-
ISIANA.
*vs.*
WINTHROP.

ture may make exceptions in particular cases, and that they have done so in this.

The act of assembly which points out the mode, clerks of inferior courts may be removed from office, provides that in case of malfeasance, or misfeasance in the discharge of their duties " it shall be lawful for the person or persons who shall be aggrieved *or any other person*, to complain to the supreme court, by petition, setting forth the nature of the charge against said clerk, and the facts on which the same is founded."

And that on the presentation of such petition it shall be the duty of this court to direct the clerk accused to be cited *to appear and answer*, on a day assigned, and upon his appearance *to proceed to hear and determine the matter alleged against him in the petition, and if, on hearing the parties, the court shall be of opinion the accusation is supported*, they pronounce judgment to that effect.

These provisions appear to us not to contemplate the assistance of the attorney general in the prosecution. *Any person* is authorised to originate it, the clerk is bound to answer the petition thus filed by an individual, and on the issue joined, the court is directed to hear tes-

timony and pronounce a decision. If the presence of the regular prosecutor on behalf of the state was held to be indispensable to give regularity to these proceedings, then it would follow that by refusing to appear, we could not hear the testimony on the issue joined by the parties, nor pronounce a decision after hearing, altho' the act already referred to, directs us to do both. It is evident the legislature intended to give to any one the right to prefer the complaint, and that the court should listen to, and act on it. With the wisdom or convenience of this provision, we have nothing to do ; our duty is to carry it into effect.

The judgment of this court therefore is, that the matters and things by the accused in his plea alleged, are not sufficient in law to prevent him answering the petition filed against him ; and it is therefore ordered, that he answer thereto, or that in default thereof, the allegations therein contained, be taken as confessed.

*Morgan* and *Blanchard* for the plaintiff, *Grymes* and *Eustis* for the defendant.